**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JORGE CALERO, | ) | NO. CV 05-1764-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 15, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 25, 2005. Plaintiff filed a motion for summary judgment on

1  August 16, 2005.  Defendant filed a cross-motion for summary judgment
2  on September 14, 2005.  The Court has taken both motions under
3  submission without oral argument.  See L.R. 7-15; "Order," filed
4  March 17, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former machine operator and industrial cleaner, asserts disability based on a combination of alleged impairments (Administrative Record ("A.R.") 25-26, 28-31, 34, 58).  A state agency physician opined, inter alia, that Plaintiff's ability to reach is limited (A.R. 143).  The Administrative Law Judge ("ALJ") stated: "I adopt the opinion of the [state agency physician]" (A.R. 18).  According to the Dictionary of Occupational Titles ("D.O.T."), Plaintiff's former jobs require frequent reaching.  D.O.T. 649.685-070, 381.687-018.

The ALJ nevertheless found Plaintiff can perform Plaintiff's past relevant work (A.R. 19).  The ALJ stated: "[t]he impartial vocational expert testified that based upon the claimant's residual functional capacity, his age, education and work history, the claimant could return to his past relevant work as a machine operator and an industrial cleaner as they were previously performed and as they were generally performed in the national economy."  Id.  As Defendant now concedes, the vocational expert did not so testify (Defendant's Memorandum at 4 n.2; A.R. 34).  In fact, the vocational expert testified to little more than the medium exertional level specified in the D.O.T. for Plaintiff's past relevant jobs (A.R. 34).

1 | The ALJ neither mentioned to the vocational expert any reaching
2 | limitation nor asked Plaintiff whether Plaintiff's past jobs as
3 | performed required frequent reaching.
4 |
5 | On the basis of the conclusion that Plaintiff can perform
6 | Plaintiff's past relevant work, the ALJ denied benefits (A.R. 19-20).
7 | The Appeals Council denied review (A.R. 4-6).
8 |
9 | **STANDARD OF REVIEW**
10 |
11 | Under 42 U.S.C. section 405(g), this Court reviews the
12 | Commissioner's decision to determine if: (1) the Commissioner's
13 | findings are supported by substantial evidence; and (2) the
14 | Commissioner used proper legal standards.  See Swanson v. Secretary,
15 | 763 F.2d 1061, 1064 (9th Cir. 1985).
16 |
17 | **DISCUSSION**
18 |
19 | The Administration may deny disability benefits when the
20 | claimant can perform the claimant's past relevant work as "actually
21 | performed," or as "usually" or "generally" performed.  Pinto v.
22 | Massanari, 249 F.3d 840, 845 (9th Cir. 2001).  Although the claimant
23 | has the burden of proving an inability to perform his or her past
24 | relevant work, "the ALJ still has a duty to make the requisite
25 | factual findings to support his [or her] conclusion." Id. at 844.
26 | "To determine whether a claimant has the residual capacity to perform
27 | his [or her] past relevant work, the [Administration] must ascertain
28 | the demands of the claimant's former work and then compare the

demands with his [or her] present capacity." Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986); see 20 C.F.R. § 404.1520(e).

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC [residual functional capacity].
>
> 2. <u>A finding of fact as to the physical and mental demands of the past job/occupation</u>.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation. SSR 82-62 (emphasis added).[1]

See Dealmeida v. Bowen, 699 F. Supp. 806, 807 (N.D. Cal. 1988).

In making these findings, the ALJ must conduct a searching inquiry and analysis.

///
///

---

[1] ALJs must follow Social Security Rulings such as SSR 82-62. See, e.g., Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

4

1   The decision as to whether the claimant retains the
2   functional capacity to perform past work which has
3   current relevance has far-reaching implications and
4   must be developed and explained fully in the disability
5   decision.  Since this is an important and, in some
6   instances, a controlling issue, every effort must be
7   made to secure evidence that resolves the issue as
8   clearly and explicitly as circumstances permit.

10   Reasonable inferences may be drawn, but presumptions,
11   speculations and suppositions must not be used.  SSR
12   82-62.

14  In the absence of contrary evidence, courts will presume that
15 the D.O.T. accurately describes the requirements of particular jobs.
16 See, e.g., Terry v. Sullivan, 903 F.2d 1273, 1276-77 (9th Cir. 1990).
17 An explanation, and "persuasive" supporting evidence, must accompany
18 any administrative deviation from the D.O.T.  See Light v. Social
19 Security Administration, 119 F.3d 789, 794 (9th Cir. 1997); Johnson
20 v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  To the extent the
21 ALJ deviated from the D.O.T. by finding that Plaintiff's past
22 relevant jobs, as generally performed, do not require frequent
23 reaching, no explanation or persuasive supporting evidence
24 accompanied the deviation.

26  To the extent the ALJ found Plaintiff's past relevant work, as
27 actually performed by Plaintiff, did not require frequent reaching,
28 such finding likewise lacks substantial supporting evidence.  The ALJ

failed to inquire into the reaching requirements of Plaintiff's past relevant work. The ALJ thereby erred under the circumstances of this case. See Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986); SSR 82-62; see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure the claimant's interests are considered . . .").

The ALJ's purported reliance on the vocational expert's testimony adds only confusion to the analysis. The ALJ did not ask the vocational expert to consider any reaching limitation. Unless questions posed to a vocational expert "set out all of the claimant's impairments," the vocational expert's testimony cannot constitute substantial evidence to support an ALJ's findings. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). Moreover, and contrary to the ALJ's characterization of the vocational expert's testimony, the vocational expert never testified Plaintiff could return to Plaintiff's past relevant jobs as those jobs previously were performed. When an administrative decision rests on an "inaccurate characterization of the evidence," remand is warranted. See Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999); Lesko v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995).

Defendant questions whether the ALJ truly adopted the state agency physician's opinion regarding reaching limitations. The record is uncertain. The ALJ's decision states without qualification that the ALJ adopts the state agency physician's opinion, but thereafter does not mention specifically any reaching limitation. Perhaps the ALJ wholly adopted the state agency physician's opinion

1  and then erroneously omitted the reaching limitation from the ALJ's
2  analysis.  Perhaps the ALJ did not wholly adopt the opinion and then
3  erroneously failed to explain the ALJ's implicit finding that
4  Plaintiff has no reaching limitation, notwithstanding the state
5  agency physician's opinion.  In either event, the ALJ erred.  <u>See</u>
6  <u>Lewin v. Schweiker</u>, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's
7  decision should include a statement of the subordinate factual
8  foundations on which the ALJ's ultimate factual conclusions are
9  based, so that a reviewing court may know the basis for the
10 decision); <u>Mingo v. Apfel</u>, 1998 WL 373411 *2 (D. Kan. July 1, 1998)
11 (remand necessary where the Administration conceded the ALJ's
12 findings were internally inconsistent); <u>see also</u> <u>Gonzalez v.</u>
13 <u>Sullivan</u>, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of
14 speculating about the basis of the ALJ's conclusion . . .").

16        When a court reverses an administrative determination, "the
17 proper course, except in rare circumstances, is to remand to the
18 agency for additional investigation or explanation."  <u>INS v. Ventura</u>,
19 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
20 proper where, as here, additional administrative proceedings could
21 remedy the defects in the decision.  <u>McAllister v. Sullivan</u>, 888 F.2d
22 599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d
23 1496, 1497 (9th Cir. 1984).
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 28, 2005.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE